

**ROMERO**
LAW GROUP PLLC

LABOR AND EMPLOYMENT LITIGATION

Peter A. Romero, Esq.

David D. Barnhorn, Esq.

Matthew J. Farnworth, Esq.

September 24, 2024

Hon. Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *De la Cruz v. A.T.N. Incorporated et al*
     <u>Civil Case No.: 24-cv-06301 (KAM) (AYS)</u>

Dear Judge Matsumoto:

   This firm represents the Plaintiff, Antonio De la Cruz, in the above-referenced action against his former employer to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). We respectfully write in response to the Order to Show Cause as to why (1) the New York Labor Law wage notice and wage statement claims asserted in the Complaint should not be dismissed for lack of standing, in light of the Second Circuit's ruling in *Guthrie v. Rainbow Fencing Inc.*, No. 23-350, --- F.4th ----, 2024 WL 3997427, at *5 (2d Cir. Aug. 30, 2024) (holding that a "a plaintiff must show some causal connection between the lack of accurate notices and the downstream harm"); and (2) why this Court may exercise supplemental jurisdiction over the New York State Human Rights Law claim.

   With respect to the issue of standing, *Guthrie* held that a plaintiff-employee needs simply to "show that he or she would have undertaken such advocacy and plausibly would have avoided some actual harm or obtained some actual benefit if accurate notices had been provided" to satisfy the Article III standing requirement. *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 309-310 (2d Cir. 2024) ("a plaintiff-employee who has plausibly shown that defective notices led him or her to lose wages has such a concrete interest…"). *Guthrie* approvingly cited *Kaur v. Natasha Accessories Ltd.*, 2024 WL 3429129, at *4 (S.D.N.Y. July 16, 2024), when discussing the type of downstream harm that establishes sufficient concrete harm. *Id.* at 309 n.4. *Kaur* found the plaintiff suffered sufficient financial harm when the provision of inaccurate wage statements caused the plaintiff to be deprived of proper compensation for longer than she otherwise would have been. *Id.* (quoting *Kaur*, 2024 WL 3429129, at *4) ("Kaur plausibly alleges that her wage statements showed fewer hours than what she actually worked, which prevented her from determining and seeking payment for the precise amount of her unpaid wages and she was thus harmed by being deprived of her income for longer than she would have been had she been able to timely raise her underpayment earlier. This financial harm is a tangible downstream

consequence of the failure to receive required information.").  Plaintiff's allegations assert a similar legal theory that satisfies Article III standing.

Here, the allegations of the Complaint set forth the causal connection between the lack of accurate notices and the resulting harm sustained by Plaintiff, satisfying the standard set forth in *Guthrie*. *See* D.E. 1, ¶ 24 to ¶ 29.  Specifically, the Complaint alleges that:

- Defendants failed to post required notices regarding payment of minimum wages and overtime as required by the FLSA and NYLL;
- failed to provide Plaintiff upon hire with written notice that accurately and expressly stated Plaintiff's regular rate of pay, overtime rate of pay, and other information required by NYLL § 195(1);
- failed to provide Plaintiff with an accurate statement with every payment of wages listing, *inter alia,* the correct overtime rate of pay for hours worked in excess of 40 hours per workweek in violation of NYLL § 195(3);
- such failures prevented Plaintiff from knowing to what extent he had been underpaid and from seeking payment for the precise amount of his unpaid wages;
- Plaintiff was thereby deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier;
- Plaintiff was unable to determine how much he had been underpaid throughout his employment;
- Plaintiff would have asserted his claim sooner if accurate statements had been provided; and
- Defendants' failure to provide accurate notices and statements not only denied Plaintiff the time-value of the underpayments he seeks to recover in this action, but also resulted in continued practice of paying Plaintiff less than one and one-half times his regular rate for hours that he worked after 40 hours per workweek.

Plaintiff respectfully submits that these allegations satisfy the pleading requirement articulated by the Second Circuit in *Guthrie.*

The Court should exercise supplemental jurisdiction over Plaintiff's discrimination in the interest of judicial economy and to avoid the filing of multiple lawsuits between the very same litigants in different forums. Federal courts possess supplemental jurisdiction over state law claims if such claims are so related to the federal claims as to "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Second Circuit has held that "disputes are part of the 'same case or controversy' within § 1367 when they 'derive from a common nucleus of operative fact.'" *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) quoting *Promisel v. First Am. Artificial Flowers Inc*., 943 F.2d 251, 254 (2d Cir.1991).

In this case, the facts underlying Plaintiff's federal and state law claims overlap and will require deposition and/or trial testimony from the very same witnesses, specifically, the testimony of Plaintiff and Defendant's principals, Defendants Barry and Trevor Rose. Moreover, none of the reasons for declining supplemental jurisdiction are implicated by

Plaintiff's state law claim. Plaintiff's state law claim does not raise a novel or complex issue of state law, does not substantially predominate over Plaintiff's FLSA and NYLL claims, the Court has not dismissed Plaintiff's federal claims, and there are no other exceptional circumstances or compelling reasons to decline jurisdiction. *See*, 28 U.S.C. § 1367(c)(1)-(4).

On the other hand, dismissing Plaintiff's state law claim would require Plaintiff and Defendant to simultaneously litigate claims arising from Plaintiff's employment in two separate forums, resulting in a multiplicity of lawsuits, and to needlessly incur substantial additional attorney's fees and litigation costs. Putting aside the inconvenience of having to litigate in two different forums, should the Court decline jurisdiction it would exponentially increase the parties' costs and expenses and likely delay the resolution of all claims, whereas exercising jurisdiction would provide for the efficient and timely resolution of all claims in a single forum. Accordingly, Plaintiff respectfully submits that the Court should not dismiss Plaintiff's state law claim.

Respectfully submitted,

*/s Peter A. Romero*

PETER A. ROMERO