```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

ANTONIO DE LA CRUZ, on behalf of himself and all other persons similarly situated,

                *Plaintiff*,

  -against-

A.T.N. INCORPORATED, LAWN RAIDERS, INC., BARRY ROSE and TREVOR ROSE,

                *Defendants*.

**MEMORANDUM AND ORDER**

24-CV-6301(KAM)(AYS)

```
----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

      The Court is in receipt of Plaintiff's Response to the Court's September 10, 2024, Order to Show Cause. (ECF No. 5.) The Court is satisfied that Plaintiff has plausibly alleged sufficient injury for Article III purposes to allow the New York Labor Law wage notice and wage statement claims to proceed. As to the New York State Human Rights Law ("NYSHRL") claim, the Court concludes that it lacks jurisdiction over the NYSHRL claim in the absence of a related federal ADA claim, and Plaintiff's NYSHRL claim is accordingly dismissed without prejudice to being refiled in state court. In the alternative, should Plaintiff file a timely charge of discrimination with the EEOC and receive a notice of right to sue, Plaintiff may move for leave to amend the complaint to replead the NYSHRL claim alongside an ADA claim.

"Under 28 U.S.C. § 1367(a), district courts 'shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011) (quoting 28 U.S.C. § 1367(a)). However, "[i]n order to exercise supplemental jurisdiction, a federal court must first have before it a claim sufficient to confer subject matter jurisdiction." *Id.* (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). In addition, both the claim conferring subject matter jurisdiction and the supplemental claim "must stem from the same 'common nucleus of operative fact'; in other words, they must be such that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'" *Id.* (quoting *Gibbs*, 383 U.S. at 725). "In determining whether two disputes arise from a 'common nucleus of operative fact,' [courts] have traditionally asked whether 'the facts underlying the federal and state claims substantially overlapped . . . [or] the federal claim necessarily brought the facts underlying the state claim before the court.'" *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (quoting *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000)). Supplemental jurisdiction is proper where a state law "claim arises out of approximately the

2

same set of events as [the] federal . . . claim." *Treglia v. Town of Manlius*, 313 F.3d 713, 723 (2d Cir. 2002).

Here, the Court finds, as Chief Judge Brodie did in *Klimovitsky v. JG Innovative Indus., Inc.*, No. 21-CV-755 (MKB), 2021 WL 5712120, at *6 (E.D.N.Y. Dec. 1, 2021), that it lacks supplemental jurisdiction over plaintiff's NYSHRL claims when the only basis for federal jurisdiction are claims brought under FLSA. The Court finds no factual overlap between the FLSA claims of unpaid overtime and Defendants' allegedly discriminatory behavior in terminating Plaintiff's employment after he suffered an injury to his finger and was therefore "disabled and/or perceived to be disabled." (ECF No. 1, Complaint ¶¶ 30-34.) Plaintiff asserts that the parties are the same for both claims, and it would "exponentially increase the parties' costs" and "likely delay the resolution of all claims" if the Court declines to exercise supplemental jurisdiction. (ECF No. 5.) The Court acknowledges Plaintiff's concerns, but they do not justify the exercise of supplemental jurisdiction over disability discrimination claims unrelated to those conferring subject matter jurisdiction – Plaintiff's claims of unpaid overtime.

For the reasons set forth above, Plaintiff's fifth claim for relief arising under the NYSHRL is dismissed without prejudice for lack of subject matter jurisdiction. As noted above, should Plaintiff file a timely charge of discrimination and receive a

3

right to sue letter, he may seek leave to amend his complaint to plead an ADA claim and replead the NYSHRL claim.

**SO ORDERED**

Dated:   September 25, 2024
         Brooklyn, New York

                                    /s/
                         **HON. KIYO A. MATSUMOTO**
                         United States District Judge
                         Eastern District of New York

4